NOT DESIGNATED FOR PUBLICATION

No. 123,815

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KORTEA P. GULLICK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed September 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: After the district court revoked his probation in three cases, Kortea Gullick is now serving concurrent prison sentences for aggravated domestic battery, domestic battery, criminal threat, battery, and five counts of violating a protective order. Gullick appeals his controlling sentence. We forego the benefit of briefing because we granted Gullick's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48).

After he pleaded guilty to several crimes committed in October 2019 and April 2020, the court sentenced Gullick to a controlling suspended sentence of 27 months in

prison and placed him on probation for 24 months. Two separate incidents later caused the court to determine whether it should revoke his probation.

The first incident was in January 2021. At that time, Gullick battered K.K. who was the victim of all the crimes that he had pleaded guilty to. At a hearing to revoke Gullick's probation, K.K. testified that she and Gullick argued in the car on the way home from having drinks with friends. Name calling then degenerated into punches being thrown. K.K. said he grabbed her by the throat and punched her six times in the forehead. She also had red marks and scratches on her chest. Her diagnosis later at the hospital was a hematoma on her forehead, and she now has a lump on her forehead. Gullick presented no evidence in his defense at the hearing. The court found that Gullick violated the terms of his probation when it decided that K.K. was believable. Plus, the judge could see the lump on her forehead.

The second incident also occurred in January 2021. In that event, Gullick admitted damaging property while he was in custody. The court found that Gullick violated the terms of his probation for this reason, as well.

Gullick asked the court to impose a three-day jail sanction rather than send him to prison. Unmoved, the court revoked his probation and sent him to prison to serve his sentence.

Once a probation violation has been established the district court's decision to revoke the offender's probation and impose the underlying sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647-48, 423 P.3d 469 (2018). We ask, is there an abuse of discretion here?

We are not concerned about graduated sanctions here because Gullick committed new crimes while on probation. Under K.S.A. 2019 Supp. 22-3716(c)(7)(C), a district

court may revoke probation without previously imposing a sanction if the offender "commits a new felony or misdemeanor" while the offender is on probation.

The district court had discretion to revoke Gullick's probation because it found he committed two new crimes—one of which he stipulated to. Since the district court had the statutory authority to impose Gullick's underlying sentence without first imposing sanctions, we must simply decide whether the district court's actions were otherwise an abuse of discretion. We see no abuse of discretion.

We have no doubt that one fact that induced the court to revoke probation and send Gullick to prison was that he committed a new crime against K.K.—the same victim in all of the domestic violence cases that he was on probation for. We understand that would impress a judge to believe that Gullick had learned nothing from his probation. Under these circumstances, there is no abuse of discretion.

Affirmed.